IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDWARD MICHALENKO,

    Plaintiff,

vs.

SCUPPER'S WATERSPORTS L.L.C.
a Florida Limited Liability Company, and
ROBERT F. BORTELL III, an individual,
jointly and severally,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, EDWARD MICHALENKO, sues Defendants, SCUPPER'S WATERSPORTS L.L.C. and ROBERT F. BORTELL III, and shows:

### Introduction

1. This is an action by EDWARD MICHALENKO against his former employers for unpaid overtime, unpaid minimum wages and other unpaid wages pursuant to the Fair Labor Standards Act, the Florida Minimum Wage Act and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. Count III of this action arises under the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110. Count IV of this action arises under Florida common law for breach of contract. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction over Counts III and IV pursuant to 28 U.S. Code § 1367.

3. The claims arose within the Southern District of Florida, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, EDWARD MICHALENKO, (hereinafter "MICHALENKO") a resident of Monroe County, was at all times material, employed by SCUPPER'S WATERSPORTS L.L.C., as a boat captain, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with SCUPPER'S WATERSPORTS L.L.C., was engaged in commerce or in the production of goods for commerce.

5. Defendant, SCUPPER'S WATERSPORTS L.L.C. (hereinafter, "SCUPPER'S"), is a Florida Limited Liability Company with headquarters in Monroe County, Florida, doing business throughout the Florida Keys, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant, ROBERT F. BORTELL III (hereinafter "BORTELL"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant SCUPPER'S and is directly involved in SCUPPER'S day to day operations.

7. Defendant BORTELL acted and acts directly in the interests of Defendant SCUPPER'S in relation to its employees. Specifically, BORTELL hired MICHALENKO, determined his job duties, set his work schedule and pay, and otherwise controlled all aspects

of his employment. Thus BORTELL and SCUPPER'S are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8. MICHALENKO began his employment on June 17, 2021. MICHALENKO agreed to perform the duties of boat captain for SCUPPER'S in exchange for compensation of $20 per hour. MICHALENKO and worked the following days and hours:

**First Week**

June 17, 2021 – 2.5 hours
June 18, 2021 – 10.5 hours
June 20, 2021 – 11.5 hours
June 21, 2021 – 3.0 hours
June 22, 2021 – 10.5 hours
June 23, 2021 – 9.75 hours

**Total – 59 hours**

For this workweek, Plaintiff only received payment of $952 (56 hrs @ $17/hr.) despite being promised $20/hr. In addition, MICHALENKO worked 16 hours of overtime. Accordingly, MICHALENKO is owed $800 for straight time (40 hrs @ $20/hr) plus $570 for overtime (19 hrs @ $30/hr) for a total of $1,370. Since MICHALENKO was only paid $952.00, he is owed $418 in unpaid overtime wages, plus an additional $418 for liquidated damages.

**Second Week**

June 24, 2021 – 7.5 hours
June 25, 2021 – 8.0 hours
June 26, 2021 – 11.0 hours
June 27, 2021 – 10.5 hours
June 28, 2021 – 11.0 hours
June 29, 2021 – 2.5 hours
June 30, 2021 – 3.0 hours

**Total – 53.5 hours**

For this workweek, Plaintiff did not receive any pay whatsoever. MICHALENKO should have been paid $800 for straight time (40 hrs @ $20/hr) plus $405 for overtime (13.5 hrs @ $30/hr), and an additional $405 for liquidated damages, for a total of $1,610.00.

Because MICHALENKO was not paid the requisite Florida Minimum Wage, SCUPPER's non-payment of wages resulted in violations of the Florida Minimum Wage Act and the FLSA, which entitles MICHALENKO to recover his unpaid wages, plus liquidated damages of $8.65/hr for each hour worked during this work week.

**Third Week**

July 1, 2021 – 9 hours

**Total – 9 hours**

For this workweek, Plaintiff worked a total of 9 hours on July 1, 2021, which was his last day of employment. Plaintiff did not receive any pay whatsoever. MICHALENKO should have been paid $180.00 (9 hrs @ $20/hr).

Because MICHALENKO was not paid the requisite Florida Minimum Wage, SCUPPER's non-payment of wages resulted in a violation of the Florida Minimum Wage Act and the FLSA, which entitles MICHALENKO to recover his unpaid wages, plus liquidated damages of $8.65/hr for each hour worked during this work week.

### Count I – Violation of FLSA by All Defendants – Overtime

9. Plaintiff, EDWARD MICHALENKO, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

10. From June 17, 2021 through July 1, 2021, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were

employed: specifically MICHALENKO worked in excess of 40 hours for both full weeks of his employment, but was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

11. The failure to pay overtime compensation to MICHALENKO is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a).

12. Defendants' actions were willful and purposeful as they were well aware of the Fair Labor Standards Act and MICHALENKO's status as non-exempt, but chose not to pay him in accordance with the Act.

13. MICHALENKO is entitled pursuant to 29 U.S.C. § 216(b), to recover from both Defendants:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, EDWARD MICHALENKO, prays that this court will grant judgment against both Defendants:

    a. awarding MICHALENKO payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b. awarding MICHALENKO an additional equal amount as liquidated damages;

    c. awarding MICHALENKO his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Count II – Violation of the FLSA by All Defendants – Minimum Wage

14. Plaintiff, MICHALENKO, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 8 above.

15. MICHALENKO worked for Defendants for several hours during the last two pay periods of his employment, but received no compensation whatsoever for the work performed.

16. Defendants' failure to pay MICHALENKO violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

17. MICHALENKO is entitled pursuant to the FLSA to recover from Defendants:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for MICHALENKO and against both Defendants on the basis of their willful violations of the FLSA;

    b. Award MICHALENKO actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c. Award MICHALENKO an equal amount in liquidated damages;

    d. Award MICHALENKO reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

### Count III – Violation of the Florida Minimum Wage Act by All Defendants

18. Plaintiff, MICHALENKO, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 8 above.

19. MICHALENKO worked for Defendants for several hours during the last two pay periods of his employment, but received no compensation whatsoever for the work performed.

20. At least 15 days prior to filing suit, MICHALENKO sent a text message to Defendant BORTELL requesting payment for his unpaid wages. A copy of the text message is attached as Exhibit 1. Despite MICHALENKO's efforts to secure his pay, Defendants never responded and refused to pay him. Defendants' actions have left MICHALENKO no other choice but to file this lawsuit.

21. Defendants' failure to pay MICHALENKO violates the Florida Minimum Wage Act, Florida Statutes 448.110 by not paying him at least a minimum wage.

22. MICHALENKO's text message to BORTELL satisfies the pre-suit notice requirement of F.S. 448.110(6)(a).

23. MICHALENKO is entitled pursuant to the FMWA to recover from both Defendants:

    a. The applicable minimum wage in effect in Florida at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.    Enter judgment for MICHALENKO and against both Defendants on the basis of their willful violations of the FMWA;

    b.    Award MICHALENKO actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c.    Award MICHALENKO an equal amount in liquidated damages;

    d.    Award MICHALENKO reasonable attorneys' fees and costs of suit; and

    e.    Other such relief as this Court deems just.

**Count IV – Unpaid Agreed Upon Wages – Breach of Contract by Defendant Scupper's**

24.    Plaintiff, MICHALENKO, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 8 above.

25.    Defendant offered to pay MICHALENKO an hourly rate of $20 in exchange for MICHALENKO performing the duties of boat captain for SCUPPER'S.

26.    For the first week of MICHALENKO's employment, when he was paid, SCUPPER's only paid him $17 per hour, which is $3 per hour less than what was agreed upon by the parties.

27.    For the second and third weeks of MICHALENKO's employment, he was paid no wages whatsoever.

28.    MICHALENKO performed all tasks and job duties required by SCUPPER'S.

29.    SCUPPER'S failure to pay MICHALENKO the agreed upon wages amounts to a breach of contract.

30.    As a result of SCUPPER'S breach, MICHALENKO has incurred general damages and is entitled to recover the unpaid wages as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, EDWARD MICHALENKO, requests judgment against Defendant SCUPPER'S WATERSPORTS, L.L.C., for his unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury.

Dated: August 23, 2021
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for EDWARD MICHALENKO*